**2**

Mrs. Lillis MORGAN v. STATE. (No. 9071.) (Court of Criminal Appeals of Texas. Jan. 7, 1925.) Appeal from Wichita County Court, at Law; Guy Rogers, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the county court of Wichita county, at law, of operating a motor vehicle upon a public highway at a rate of speed in excess of the legal limit, and her punishment fixed at a fine of $100. The record is before us without any statement of facts or bill of exceptions. The affidavit and information charging an offense, and the charge of the court appearing to properly present the matter to the jury, no error appears, and the judgment will be affirmed.

---

**3**

Joe ROSSO v. STATE. (No. 9134.) (Court of Criminal Appeals of Texas. Jan. 7, 1925.) Appeal from District Court, Grayson County; Silas Hare, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale. Punishment is confinement in the penitentiary for two years. The record contains no bills of exception. There is on file in this court what purports to be a statement of facts, but it has never been signed by the attorneys, either for the state or appellant. It is not approved by the trial judge, and neither does it bear the file mark of the clerk of the lower court. In such condition it cannot be considered. The record presents no matter for review, and the judgment is affirmed.

---

**4**

Lee SIMPSON v. STATE. (No. 8877.) (Court of Criminal Appeals of Texas. Jan. 7, 1925. Rehearing Denied Feb. 4, 1925.) Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge. C. T. Prewett, R. H. Smith, John W. Mays, and Thomas C. Tripp, all of Fort Worth, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for burglary, with punishment assessed at confinement in the penitentiary for five years. It is unnecessary to set out the facts. They support the judgment. No objections were filed to the court's charge, and the record contains no bills of exception. Three special charges were requested by appellant, all of which were refused. They are simply marked "Refused," over the signature of the trial judge. There is no notation on any of the charges that exception was reserved to the action of the court. We have frequently held that the refused charge itself must bear notation over the judge's signature